## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JACOB DORVIL and FABIOLA DORVIL, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. _____ |
| CENTRAL TRANSPORT, LLC., PATRICK O. HENDERSON and CHEROKEE INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW, Central Transport LLC (hereinafter "Defendant" or "Defendant Central Transport LLC"), named as a Defendant in the above-styled action, and, with the consent of co-Defendants Patrick O. Henderson and Cherokee Insurance Company, petitions for removal of the action herein from the State Court of Fulton County to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully shows the Court the following:

1.

On March 30, 2020, Jacob Dorvil and Fabiola Dorvil (collectively "Plaintiffs"), filed a civil action in the State Court of Fulton County, State of Georgia. That action is styled *Jacob Dorvil and Fabiola, husband and wife v.*

*Central Transport LLC, Patrick O. Henderson, and Cherokee Insurance Company*, Civil Action File No. 20EV002027. Attached hereto as Exhibit A are copies of Plaintiffs' Summons, Complaint, Acknowledgments of Service, and Answer, which constitutes the entirety of the pleadings in this case to date. Defendant is also filing Defendant's Notice of Filing of the Notice of Removal with the State Court of Fulton County as required by 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

2.

This lawsuit arose out of a motor vehicle accident which occurred on April 25, 2018 in Villa Rica, Carroll County, Georgia. The subject incident involved Plaintiff Jacob Dorvil and Defendant Patrick Henderson, who was driving a tractor trailer owned by Defendant Central Transport LLC. According to Plaintiffs' Complaint, Plaintiff Fabiola Dorvil is the wife of Plaintiff Jacob Dorvil. Defendant Cherokee Insurance Company was named in Plaintiffs' Complaint as a Defendant pursuant to O.C.G.A. § 46-7-12 and O.C.G.A. § 46-7-12.1. (Plaintiffs' Complaint, ¶ 5.).

3.

Plaintiffs allege that Defendants were negligent in causing the subject incident and Plaintiff Jacob Dorvil's injuries. (Plaintiff's Complaint, ¶ 44.) Plaintiff

Jacob Dorvil claims that he is therefore entitled to damages from Defendants. (Plaintiff's Complaint, ¶ 45.) Plaintiff Fabiola Dorvil claims that she is entitled to damages for loss of consortium suffered as a result of Plaintiff Jacob Dorvil's alleged injuries. (Plaintiff's Complaint, ¶ 46.) Additionally, Plaintiffs pray for an award punitive damages against Defendants. (Plaintiff's Complaint, ¶ 42.)

4.

In their Complaint, Plaintiffs do not specifically plead the basis or bases on which venue in the pending state court action is proper. However, without submitting to its venue or jurisdiction, Defendant recognizes that Fulton County is located within the jurisdiction of the Northern District of Georgia, Atlanta Division.

5.

Defendant Patrick Henderson was served on April 6, 2020. However, Defendant Central Transport LLC and Defendant Cherokee Insurance acknowledged service on May 18, 2020. As such, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008) (The removal statute "permit[s] each defendant, whether first or last served or somewhere in between, thirty days within which to file a notice of removal upon receipt of service."). Defendant Patrick O. Henderson

and Defendant Cherokee Insurance Company are also represented by the undersigned counsel and each expressly consent to this Notice of Removal.

6.

Defendant Patrick Henderson is a citizen and domiciliary of the State of Alabama.

7.

Defendant Central Transport LLC is a foreign limited liability corporation, organized under the laws of the State of Indiana and with its principal place of business in the State of Michigan.

8.

For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently alleged the citizenship of a limited liability company, a party seeking removal to federal court "must list the citizenships of all the members of the limited liability company". *Id.*; *see also Tonea v. Nationstar Mortgage LLC*, 2017 WL 9474221, at *4 (N.D. Ga. 2017) (defendant carried the burden of establishing diversity of citizenship when it indicated in the notice of removal that plaintiff was a citizen of Georgia and that defendant, a limited

liability company, was a citizen of Delaware and Texas based upon the citizenship of its two members and the sole member of each such member).

9.

Defendant Central Transport LLC has two members, MJM Investment Holdings, LLC ("MJM") and MTM Investment Holdings, LLC ("MTM"). Both MJM and MTM are foreign limited liability companies organized under the laws of the State of Indiana, and both MJM and MTM maintain their principal place of business at 12225 Stephens Road, Warren, Michigan 48089.

10.

The sole member of MJM is Manuel J. Moroun, as Trustee of the Manuel J. Moroun Trust u/t/a dated 03/24/77, as amended and restated ("Manuel"). Manuel is an individual citizen of and is domiciled in the State of Michigan.

11.

The sole member of MTM is Matthew T. Moroun ("Matthew"). Matthew is an individual citizen of and is domiciled in the State of Michigan.

12.

Based on the foregoing, Defendant Central Transport LLC, as a foreign limited liability company, and is considered to be a citizen of State of Indiana (the state in which its members are organized) and the State of Michigan (the state in

which the members of its members reside). *See* 28 U.S.C. § 1332; *Rolling Greens MHP, L.P.,* 374 F.3d at 1022; *Tonea*, 2017 WL 9474221, at *4.

13.

Defendant Cherokee Insurance Company is an insurance company having both its place of incorporation and principal place of business in the State of Michigan.

14.

Plaintiffs have not yet specifically indicated their states of residence and domicile on any of the pleadings in this case. However, upon information and belief, Plaintiffs are citizens of and domiciled in the State of Georgia, specifically of Decatur, Dekalb County, Georgia. In support of this belief, the undersigned counsel has included an Affidavit of Counsel in Support of Removal, attached hereto as Exhibit C.[1]

15.

Accordingly, there is complete diversity of citizenship between the parties, and, thus, this action is one over which this Court has diversity jurisdiction in accordance with the foregoing authority and 28 U.S.C. § 1332.

---

[1] The Affidavit of Counsel in Support of Removal was notarized pursuant to Georgia Governor Brian Kemp's Executive Order 04.09.20.01 during the COVID-19 pandemic. The undersigned counsel is willing to re-execute the Affidavit once it is safe to do so if this Court or opposing counsel so requires.

16.

Plaintiffs do not specify the amount of damages that they seek in their Complaint. However, Plaintiffs claim that Plaintiff Jacob Dorvil suffered a traumatic brain injury as a result of the subject incident. (Plaintiff's Complaint, ¶ 19.) Additionally, Plaintiff Fabiola Dorvil claims she is entitled to compensation for loss of consortium she has allegedly suffered as a result of Plaintiff Jacob Dorvil's injuries. (Plaintiff's Complaint, ¶ 46.) Plaintiffs are also seeking punitive damages. (Plaintiff's Complaint, ¶ 42.) Further, Plaintiffs claim that they are entitled to past and future lost wages. (*See* Plaintiff's Complaint.)

17.

To determine whether the jurisdictional threshold of $75,000.00 is met, the Court must assume that Plaintiffs will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000.00]." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1937).

18.

Accordingly, assuming Plaintiffs will prevail on each of the claims set forth in their Complaint, which Defendants specifically deny, the matter in controversy

has a value, exclusive of interest and costs, in excess of $75,000.00. In support of this conclusion, the undersigned counsel has included an Affidavit of Counsel in Support of Removal, see Exhibit C.

19.

Therefore, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) Plaintiff and Defendants are citizens of different states at the time of this removal, and (b) the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.00.

20.

By making this petition for removal, Defendant specifically states that Defendants are not waiving any available defenses to Plaintiffs' claims. Additionally, Defendant specifically states that, by making this petition for removal, Defendants are not admitting to any of the allegations made in Plaintiffs' Complaint.

21.

WHEREFORE, Defendant prays that this petition be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the State Court of Fulton County.

The undersigned has read this Notice of Removal, and to the best of her knowledge, information and belief, formed after reasonable inquiry, determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

This 17th day of June, 2020.

**DREW ECKL & FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
jparrott@deflaw.com
mcgintyg@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Gary J. McGinty
Georgia Bar No. 602353

*Attorneys for Defendants*

9776227/1
05595-167465

<u>**CERTIFICATE OF FONT COMPLIANCE**</u>

Counsel for Defendants hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 17th day of June, 2020.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
jparrott@deflaw.com
mcgintyg@deflaw.com

<u>*/s/ Jennifer E. Parrott*</u>
Jennifer E. Parrott
Georgia Bar No. 080180
Gary J. McGinty
Georgia Bar No. 602353

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JACOB DORVIL and FABIOLA DORVIL, husband and wife,<br><br>          Plaintiffs,<br><br>v.<br><br>CENTRAL TRANSPORT, LLC.,<br>PATRICK O. HENDERSON and<br>CHEROKEE INSURANCE COMPANY,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION<br>)    FILE NO. _____ |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for Defendants and that I have this day filed the foregoing *Notice of Removal* with the Clerk of Court, using the CM/ECF system, and served a copy of the foregoing upon all parties of record via U.S. Mail, adequate postage prepaid, addressed as follows:

James O. Greason, Esq.
Greason & Associates, PC
5300 Memorial Drive, Suite 140
Stone Mountain, Georgia 30083
jamesgreasonlaw@att.net

*[Signature is on the following page.]*

This 17th day of June, 2020.

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
jparrott@deflaw.com
mcgintyg@deflaw.com

*/s/ Jennifer E. Parrott*
Jennifer E. Parrott
Georgia Bar No. 080180
Gary J. McGinty
Georgia Bar No. 602353

*Attorneys for Defendants*

9776227/1
05595-167465