**State Court of Fulton County**
**\*\*E-FILED\*\***
**20EV002027**
**3/30/2020 2:41 PM**
**LeNora Ponzo, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Jacob & Fabiola Dorvil

2107 N. Decatur Rd, Apt 187

Decatur, GA 30033

Plaintiff's Name, Address, City, State, Zip Code

vs.

Central Transport, C/O Cogency Global Inc

900 Old Roswell Lakes, Pkwy, Ste 310

Roswell,   Ga 30076

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: James O. Greason

Address: 5300 Memorial Dr., Ste 140

City, State, Zip Code: Stone Mountain, GA 30083        Phone No.: 404-297-9878

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____
                                                                                               DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
20EV002027
3/30/2020 2:41 PM
LeNora Ponzo, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**                              DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**          CIVIL ACTION FILE #: _____
Civil Division

Jacob & Fabiola Dorvil
_____
2107 N. Decatur Rd, Apt 187
_____
Decatur, GA 30033
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Patrick O. Henderson
_____
1306 Coleman Ave.
_____
Athens   AL 35611
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

 You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: James O. Greason
_____
Address: 5300 Memorial Dr., Ste 140
_____
City, State, Zip Code: Stone Mountain, GA 30083            Phone No.: 404-297-9878

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
 Served, this _____ day of _____, 20_____.     _____
                                                                 DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**20EV002027**
**3/30/2020 2:41 PM**
**LeNora Ponzo, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**                                        DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Jacob & Fabiola Dorvil

2107 N. Decatur Rd, Apt 187

Decatur, GA 30033

Plaintiff's Name, Address, City, State, Zip Code

vs.

Cherokee Insurance Company

34200 Mound Road

Sterling  Heights,              MI 48310

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: James O. Greason

Address: 5300 Memorial Dr., Ste 140

City, State, Zip Code: Stone Mountain, GA 30083                    Phone No.: 404-297-9878

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.        _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.        _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
20EV002027
3/30/2020 2:41 PM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JACOB DORVIL and FABIOLA | ) | |
| DORVIL, husband and wife | ) | |
| | ) | |
| Plaintiffs, | ) | **CIVIL ACTION** |
| | ) | **CASE NO.:** |
| vs. | ) | |
| | ) | |
| CENTRAL TRANSPORT, LLC. | ) | |
| PATRICK O. HENDERSON and | ) | |
| CHEROKEE INSURANCE COMPANY | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, JACOB DORVIL and FABIOLA DORVIL, Plaintiffs in the above-style

case by and through their undersigned counsel and files this Complaint for Damages against

CENTRAL TRANSPORT, LLC**,** PATRICK O. HENDERSON AND CHEROKEE

INSURANCE COMPANY and in support thereof states as follows in support of this lawsuit:

### PARTIES AND JURISDICTION, AND VENUE

1.

JACOB DORVIL ("MR. DORVIL") sustained serious personal injuries as a result of a

motor vehicle collision that occurred at approximately 12:23 am on April 25, 2018, Interstate 20,

Eastbound, mile marker 25, in Villa Rica (Carroll County) Georgia. He brings this action to

recover damages proximately caused from that collision. FABIOLA DORVIL ("MRS.

DORVIL") brings her claim for loss of consortium resulting from the injuries her husband

sustained from this collision. Pursuant to Georgia law, Plaintiffs MR. DORVIL and MRS.

DORVIL are the proper parties to bring this action.

2.

Defendant CENTRAL TRANSPORT, LLC ("CENTRAL") is a foreign corporation,

operating for the purpose of pecuniary profit and gain, and qualified to do business in the State of

Georgia. CENTRAL can be served, according to the Georgia Secretary of State, with a second

original of the Complaint and Summons through its registered agent, Cogency Global Inc., 900

Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076 (Fulton County) Once served with process, Defendant CENTRAL is subject to the jurisdiction and venue of this Court.

3.

Defendant CENTRAL is an interstate common carrier based in Warren, Michigan. CENTRAL is registered with the U.S. Department of Transportation, under D.O.T. Number 661173, and is registered with an ICC Motor Carrier Number 302382.

4.

Defendant PATRICK O. HENDERSON ("HENDERSON") is a resident of the State of Alabama and may be served with a second original of the Complaint and Summons at his residence located at 1306 Coleman Ave, Athens, AL 35611. Once served, Defendant HENDERSON is subject to the jurisdiction and venue of this Court.

5.

Defendant CHEROKEE INSURANCE COMPANY ("CHEROKEE") is a foreign insurance corporation and provided liability insurance on the tractor-trailer unit that was involved in the motor vehicle collision in Carroll County, Georgia, out of which this cause of action arises. CHEROKEE is subject to the jurisdiction of this Court as the insurer of the motor carrier (s) that was operating the tractor-trailer in Georgia pursuant to O.C.G.A. § 46-7-12 and 46-7-12.1.

6.

Defendant CHEROKEE was transacting business in the State of Georgia on the date of the incident giving rise to this Complaint, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

7.

Defendant CHEROKEE may be served pursuant to O.C.G.A. §§ 9-11-4, 14-2-1510 and 33-4-3 with a second original of the Complaint and Summons through its President, Mark J. Dadabbo by certified mail at 34200 Mound Road, Sterling Heights, MI 48310.

8.

The provisions of 49 CFR §§ 301-339, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case.

9.

**GENERAL FACTS**

2

10.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

11.

On April 25, 2018, at approximately 12:23 a.m. Plaintiff MR. DORVIL was driving his company Marten Transport, LTD, 2014 Freightliner and bobtailing eastbound on Interstate 20, mile marker 25, in Villa Rica (Carroll County) Georgia.

12.

At the same time and place, Defendant HENDERSON was driving a 2018 Peterbilt tractor-trailer eastbound on Interstate 20 and behind MR. DORVIL.

13.

The tractor-trailer Defendant HENDERSON was driving was owned and maintained by Defendant CENTRAL TRANSPORT, LLC.

14.

The morning of the collision was dark and clear and no obstruction was a contributing factor.

15.

Plaintiff MR. DORVIL was traveling in the far-right lane on I-20 and the tractor he was driving was malfunctioning. He was driving about 40-55 MPH with hazard lights flashing,

16.

Defendant HENDERSON was traveling in the far-right lane on I-20 and directly behind MR. DORVIL, when his tractor-trailer rear-end the tractor MR. DORVIL was driving.

17.

The force of the collision was so violent it caused the tractor driven by MR. DORVIL to careen off the road and fall into a ditch 10-15 feet.

18.

The force of the trailer Defendant HENDERSON was driving cause the tractor MR. DORVIL was driving to catch fire and he had to be removed from the cab.

19.

MR. DORVIL was severely and permanently injured with a Traumatic Brain Injury and other bodily injuries as a result of the collision.

3

## <u>COUNT I-NEGLIGENCE OF PATRICK O. HENDERSON</u>

20.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

21.

At all times relevant hereto, MR. DORVIL exercised ordinary care in his actions leading up to the collision at issue.

22.

Defendant HENDERSON was negligent in the operation of the tractor-trailer at issue in the following:

a) Failing to maintain lane;

b) Improper maneuver on roadway;

c) Failing to maintain a diligent and proper lookout;

d) Failing to keep his vehicle under control;

e) Driving in a reckless manner;

f) Failing to yield the right way;

g) Following to close;

h) Violating state trucking regulations and Federal Motor Carrier Safety Regulations; and

i) Otherwise failing to operate his vehicle in a safe and prudent manner in view of the conditions that existed at the time of the incident.

23.

Defendant HENDERSON was also negligent *per se* in that he violated several laws and regulations governing his operation of a commercial motor vehicle, including:

a) Failing to abide by basic rules of the road, O.C.G.A. § 40-6-180;

b) Failing to exercise due care O.C.G.A. § 40-6-241;

c) Following to close O.C.G.A. § 40-6-49

d) Other failures as set out in O.C.G.A. Title 40, Chapter 6, state trucking regulations; and

4

e) Other failures as set out in the Federal Motor Carrier Safety Rules & Regulations, and as adopted by the Georgia Department of Transportation Safety Rules & Regulations, and pursuant to O.C.G.A. §§ 47-7-1 *et. Seq.*

24.

The collision at issue was the direct and proximate result of the negligence of Defendant HENDERSON.

25.

As a direct and proximate cause of the negligence and negligence *per se* of Defendant HENDERSON, MR. DORVIL sustained physical and emotional injuries and pain and suffering.

## COUNT II-NEGLIGENCE OF CENTRAL TRANSPORT, LLC

26.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

27.

At all times material hereto, Defendant HENDERSON, was an employee or agent of Defendant CENTRAL, acting within the scope and course of his employment or agency.

28.

Defendant CENTRAL is liable for the negligent actions and omissions of Defendant HENDERSON pursuant to the doctrine of *respondeat superior.*

29.

Defendant CENTRAL was engaged in the operation of a commercial vehicle on the roadway in interstate commerce and is therefore liable for damages caused in this case.

30.

Defendant CENTRAL was <u>independently</u> negligent in the following ways:

a) Negligently hiring or contracting with Defendant HENDERSON to drive the tractor-trailer at issue;

b) Negligently training Defendant HENDERSON in the inspection of the tractor-trailer;

c) Negligently entrusting Defendant HENDERSON to drive a tractor-trailer professionally;

d) Negligently retaining Defendant HENDERSON to drive the tractor-trailer at issue;

e) Failing to conduct proper and required checks n the background of its employee, agent and/or contractor, Defendant HENDERON;

f) Failing to supervise its employee, agent and/or contractor, Defendant HENDERSON;

g) Failing to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate;

h) Failing to have or enforce an appropriate policy on properly and safety on following to closely on a two-lane road.

i) Failing to properly maintain the tractor-trailer in this case;

j) Negligently routing his driver and/or negligently allowing this driver to follow to closely and causing this collision;

k) Otherwise violating state laws and federal regulations governing trucking companies; and

l) Otherwise failing to act as a reasonably prudent company under the circumstances.

31.

Defendant CENTRAL had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

32.

As a direct and proximate result of the negligence of Defendants HENDERSON and CENTRAL and the ensuing collision, MR. DORVIL sustained physical and emotional injuries and pain and suffering.

33.

Defendant CENTRAL is liable for all damages allowed by law for the injuries, damage, and losses sustained by MR. DORVIL.

## COUNT III-DIRECT ACTION AGAINST CHEROKEE INSURANCE COMPANY

34.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

35.

Defendant CHEROKEE provided liability insurance on the tractor-trailer unit that was involved in the motor vehicle collision in Carroll County, Georgia, out of which this cause of action arises.

36.

Defendant CHEROKEE agreed to provide insurance coverage to Defendant CENTRAL in consideration for the price of insurance premiums.

6

37.

Defendant CHEROKEE was transacting business in the State of Georgia in Carroll County, Georgia on the date of the incident giving rise to this Complaint, and at all times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-3.

38.

MR. DORVIL, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement. Pursuant to O.C.G.A. § 46-7-12, Defendant CHEROKEE INSURANCE COMPANY is subject to this Direct Action.

39.

## COUNT IV-LOSS OF CONSORTIUM

40.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

41.

Defendants' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

42.

Accordingly, Defendants are liable to Plaintiffs for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

## COUNT V-DAMAGES

43.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

44.

Each of the Defendants acted in a manner which either alone or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the collisions and MR DORVIL's injuries.

45.

MR. DORVIL is entitled to recovery for all damages he has suffered to the full extent allowed under Georgia law, including both economic and non-economic damages.

46.

7

MRS. DORVIL is entitled to compensation for the loss of consortium she has suffered as the result of MR. DORVIL's serious injuries.

**WHEREFORE,** Plaintiffs pray that the following relief be granted:

a) A trial by jury;

b) For Summons and Complaint to issue against the Defendants;

c) For judgment against the Defendants, jointly and severally, to compensate Plaintiffs for their pain and suffering, past, present, and future;

d) For judgment against the Defendants, jointly and severally, in an amount sufficient to compensate Plaintiffs for the medical expenses incurred to date, as well as for medical expenses which will be incurred, in the future;

e) For judgment against the Defendants, jointly and severally, in an amount sufficient to compensate Plaintiffs for lost wages incurred, including future lost wages or ability to earn income;

f) For judgment against the Defendants, jointly and severally, in an amount sufficient to compensate Plaintiffs for loss consortium;

g) For all such other economic and non-economic loses as may be shown at the hearing of this matter to the full extent allowed under Georgia law;

h) That Plaintiffs obtain judgment against the Defendants in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

i) Punitive damages be recovered in an amount the jury believes to by just, fair and equitable, given the facts and issues in this case;

j) Court costs, discretionary costs, and prejudgment interest, and

k) For all such further and general relief which this Court deems just and proper.

This 30th day of March 2020.

**GREASON & ASSOCIATES, PC**

/s/ James O. Greason
James O. Greason
Georgia State Bar No: 306660
Attorney for Plaintiffs

5300 Memorial Dr., Suite 140
Stone Mountain, GA 30083
(404) 297-9878
(404) 297-9879 Fax
Jamesgreasonlaw@att.net

8

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

JACOB DORVIL and FABIOLA            )
DORVIL, husband and wife,           )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )        CIVIL ACTION
                                    )        FILE NO.  20EV002027
CENTRAL TRANSPORT, LLC.,            )
PATRICK O. HENDERSON and            )
CHEROKEE INSURANCE COMPANY,         )
                                    )
            Defendants.             )

## <u>ACKNOWLEDGMENT OF SERVICE</u>

**COMES NOW** Defendant Central Transport, LLC, by and through the undersigned counsel, and hereby acknowledges service of the following documents listed below:

1)  Summons to Central Transport, LLC;

2)  Summons to Patrick O. Henderson;

3)  Summons to Cherokee Insurance Company; and

4)  Plaintiffs' Complaint for Damages.

In acknowledging service of the Summons and Complaint, Defendant Central Transport, LLC retains all available defenses and objections, including those pertaining to jurisdiction and venue.

*[Signature is on the following page.]*

Respectfully submitted, this 18th day of May, 2020.

**DREW ECKL FARNHAM, LLP**

_[signature]_

_____

Jennifer E. Parrott
Georgia Bar No. 080180
Gary J. McGinty
Georgia Bar. No. 602353

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30309
P: 404-885-1400
jparrott@deflaw.com
mcgintyg@deflaw.com

*Attorneys for Defendants*

9783420/1
05595-167465

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JACOB DORVIL and FABIOLA DORVIL, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.  20EV002027 |
| CENTRAL TRANSPORT, LLC., PATRICK O. HENDERSON and CHEROKEE INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

## ACKNOWLEDGMENT OF SERVICE

**COMES NOW** Defendant Cherokee Insurance Company, by and through the undersigned counsel, and hereby acknowledges service of the following documents listed below:

1) Summons to Central Transport, LLC;

2) Summons to Patrick O. Henderson;

3) Summons to Cherokee Insurance Company; and

4) Plaintiffs' Complaint for Damages.

In acknowledging service of the Summons and Complaint, Defendant Cherokee Insurance Company retains all available defenses and objections, including those pertaining to jurisdiction and venue.

*[Signature is on the following page.]*

Respectfully submitted, this 18th day of May, 2020.

**DREW ECKL FARNHAM, LLP**

_____

Jennifer E. Parrott
Georgia Bar No. 080180
Gary J. McGinty
Georgia Bar. No. 602353

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30309
P: 404-885-1400
jparrott@deflaw.com
mcgintyg@deflaw.com

_Attorneys for Defendants_

9783428/1
05595-167465

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65704583
Case Number: 20EV002027
Date: Jun 16 2020 06:41PM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JACOB DORVIL and FABIOLA DORVIL, husband and wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO.  20EV002027 |
| CENTRAL TRANSPORT, LLC., | ) | |
| PATRICK O. HENDERSON and | ) | |
| CHEROKEE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS CENTRAL TRANSPORT LLC, CHEROKEE INSURANCE COMPANY, AND PATRICK O. HENDERSON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COME NOW Central Transport LLC ("Central Transport"), Cherokee Insurance Company ("Cherokee Insurance"), and Patrick O. Henderson ("Henderson"), collectively hereinafter "Defendants," named as Defendants in the above-styled action, and hereby file this their Answer and Affirmative Defenses to Plaintiffs' Complaint for Damages ("Complaint"). Defendants show the Court as follows:

### FIRST DEFENSE

Concerning the date upon which this Answer is, was, or may become due, Defendants invoke the March 12, 2020 (Amended), April 6, 2020, May 11, 2020, and June 12, 2020 Georgia Supreme Court Orders Declaring Statewide Judicial Emergency in response to the Public Health Emergency declared by the Governor for the State of Georgia in response to Coronavirus/COVID-19. The Georgia Supreme Court Orders, pursuant to O.C.G.A. § 38-3-62, "suspends, tolls, extends, and otherwise grants relief from any deadlines or other time schedules

or filing requirements imposed by otherwise applicable statutes, rules, regulations, or court orders, whether in civil or criminal cases."

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief may be granted.

## THIRD DEFENSE

Defendants have breached no duty owed to Plaintiffs.

## FOURTH DEFENSE

Plaintiff Jacob Dorvil, through the exercise of ordinary care, could have avoided Plaintiffs' alleged damages.

## FIFTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, the negligence of Plaintiff Jacob Dorvil equaled or exceeded any negligence of Defendants.

## SIXTH DEFENSE

While specifically denying any negligence on their part, if Defendants were negligent, any damages awarded to Plaintiffs should be reduced proportionally based upon the negligence of Plaintiff Jacob Dorvil and the negligence of other unnamed responsible parties, if any, pursuant to O.C.G.A. § 51-12-33.

## SEVENTH DEFENSE

Any acts or omissions by Defendants were unintentional and in the exercise of ordinary care.

**EIGHTH DEFENSE**

Plaintiffs' complaint, to the extent that it seeks punitive damages, violates Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon which relief can be granted.

**NINTH DEFENSE**

Plaintiffs' complaint, to the extent that it seeks punitive damages, violates Defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates Defendants' rights to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

**TENTH DEFENSE**

Plaintiffs' claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

**ELEVENTH DEFENSE**

Pending further investigation and discovery, these Defendants reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

**TWELFTH DEFENSE**

Defendants respond to the specific numbered allegations of Plaintiffs' Complaint as follows:

## PARTIES AND JURISDICTION AND VENUE

1.

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.

Defendants admit that Defendant Central Transport is a foreign corporation, is qualified to do business in Georgia, acknowledged service of the Complaint, and is subject to the jurisdiction and venue of this Court. Defendants deny the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.

Defendants admit the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.

Defendants admit the allegations in contained in paragraph 4 of Plaintiffs' Complaint.

5.

Defendants admit that Defendant Cherokee Insurance Company is a foreign corporation with its principal office located at 34200 Mound Road, Sterling Heights, Michigan 48310 and which acknowledged service of the Complaint. Defendants admit that Defendant Cherokee provided a policy of insurance to Defendant Central Transport which may extend to its driver, Defendant Henderson, and which was in effect on the date of the incident at issue. Defendants admit that Georgia law provides a mechanism for direct action against an insurer under certain circumstances however, the purported Georgia statutes cited in paragraph 5 of Plaintiffs' Complaint, O.C.G.A. § 46-7-12 and § 46-7-12.1, have been repealed, are not valid Georgia law,

and are inapplicable in this case. Defendants deny the remaining allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.

Defendants admit the allegations in contained in paragraph 6 of Plaintiffs' Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of Plaintiffs' Complaint however, Defendants admit Defendants admit that Defendant Cherokee Insurance Company is a foreign corporation with its principal office located at 34200 Mound Road, Sterling Heights, Michigan 48310, and admit that Cherokee Insurance acknowledged service of the Complaint.

8.

Defendants admit that Federal laws may apply to Defendants and to Plaintiff Jacob Dorvil's operation of commercial motor vehicles but deny that such are completely or accurately stated in paragraph 8 of Plaintiffs' Complaint. Defendants deny the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.

No response is required to paragraph 9 of Plaintiffs' Complaint which is blank however, in an abundance of caution, Defendants deny the allegations contained in paragraph 9 of Plaintiffs' Complaint.

## **GENERAL FACTS**

10.

In response to paragraph 10 of Plaintiffs' Complaint, Defendants restate and incorporate their responses to paragraphs 1 through 9 of Plaintiffs' Complaint. Defendants deny the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.

Defendants admit the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.

Defendants admit the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Complaint, as stated.

17.

Defendants admit that a collision occurred between the vehicles operated by Plaintiff Jacob Dorvil and Defendant Henderson but deny the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint, as stated.

18.

Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Complaint.

## COUNT 1-NEGLIGENCE OF PATRICK O. HENDERSON

20.

In response to paragraph 20 of Plaintiffs' Complaint, Defendants restate and incorporate their responses to paragraphs 1 through 19 of Plaintiffs' Complaint.  Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.

Defendants deny the allegations contained in paragraph 22 including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), and (i) of Plaintiffs' Complaint and specifically deny any negligence or violation of State or Federal Law.

23.

Defendants deny the allegations contained in paragraph 23 including subparagraphs (a), (b), (c), (d), and (e) of Plaintiffs' Complaint and specifically deny any negligence *per se* or violation of State or Federal Law.

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Complaint and specifically deny any negligence.

25.

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning Plaintiff Jacob Dorvil's alleged injuries contained in paragraph 25 of Plaintiffs' Complaint but Defendants deny causing said injuries and specifically deny any negligence, negligence *per se*, or liability to Plaintiffs.

## COUNT II-NEGLIGENCE OF CENTRAL TRANSPORT, LLC

26.

In response to paragraph 26 of Plaintiffs' Complaint, Defendants restate and incorporate their responses to paragraphs 1 through 25 of Plaintiffs' Complaint.   Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.

Defendants admit the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.

Defendants admit that the principle of *respondeat superior* applies in this case but specifically deny any negligence, negligence *per se*, or liability to Plaintiffs.

29.

Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Complaint and specifically deny any negligence, negligence *per se*, or liability to Plaintiffs.

30.

Defendants deny the allegations contained in paragraph 30 including subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), and (l) of Plaintiffs' Complaint and specifically deny any negligence, negligent hiring, entrustment, training, retention, supervision, maintenance, or other omission or violation of State or Federal law.

31.

Defendants admit that duties are imposed by State and Federal law but deny that such are accurately or completely stated in paragraph 31 of Plaintiffs' Complaint and specifically deny any negligence or liability to Plaintiffs.

32.

Defendants deny the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.

Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint.

## COUNT III-DIRECT ACTION AGAINST

## CHEROKEE INSURANCE COMPANY

34.

In response to paragraph 34 of Plaintiffs' Complaint, Defendants restate and incorporate their responses to paragraphs 1 through 33 of Plaintiffs' Complaint.  Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.

Defendants admit that Defendant Cherokee provided a policy of insurance to Defendant Central Transport which may extend to its driver, Defendant Henderson, and which was in effect on the date of the incident at issue. All remaining allegations contained in paragraph 35 of Plaintiffs' Complaint are denied.

36.

Defendants admit that Defendant Cherokee provided a policy of insurance to Defendant Central Transport which may extend to its driver, Defendant Henderson, and which was in effect on the date of the incident at issue. All remaining allegations contained in paragraph 36 of Plaintiffs' Complaint are denied.

37.

Defendants admit the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.

Defendants and admit that Defendant Cherokee provided a policy of insurance to Defendant Central Transport which may extend to its driver, Defendant Henderson, and which was in effect on the date of the incident at issue. Defendants admit that Georgia law provides a mechanism for direct action against an insurer under certain circumstances however, the purported Georgia statute cited in paragraph 38 of Plaintiffs' Complaint, O.C.G.A. § 46-7-12, has been repealed, is not valid Georgia law, and is inapplicable in this case. Defendants deny all remaining allegations contained in paragraph 38 of Plaintiffs' Complaint and specifically deny any negligence.

39.

No response is required to paragraph 39 of Plaintiffs' Complaint which is blank however, in an abundance of caution, Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Complaint.

## COUNT IV-"LOSS OF CONSORTIUM" [SIC]

40.

In response to paragraph 40 of Plaintiffs' Complaint, Defendants restate and incorporate their responses to paragraphs 1 through 39 of Plaintiffs' Complaint.  Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.

Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint and specifically deny any willful misconduct, malice, fraud, wantonness, oppression, or want of care that would raise the presumption of conscious indifference.

42.

Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Complaint.

## COUNT V-DAMAGES

43.

In response to paragraph 43 of Plaintiffs' Complaint, Defendants restate and incorporate their responses to paragraphs 1 through 42 of Plaintiffs' Complaint.  Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.

Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Complaint and specifically deny any negligence.

45.

Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.

Defendants deny the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.

In response to Plaintiffs' prayer for relief located immediately after paragraph 46 of Plaintiffs' complaint, including but not limited to subparagraphs (A), (B), (C), (D), (E), (F), (G) (H), (I), (J), and (K) Defendants deny the allegations contained therein and specifically deny any liability to Plaintiffs.

48.

Defendants deny each and every allegation contained in Plaintiffs' Complaint not specifically admitted or denied herein.

49.

Defendants demand a trial by a jury of twelve as to all issues raised in Plaintiffs' complaint.

WHEREFORE, having fully responded to the allegations contained in Plaintiffs' complaint, Defendants respectfully request that said complaint be dismissed and that they be discharged without costs.

Respectfully submitted, this 16th day of June, 2020.

DREW ECKL FARNHAM, LLP

/s/ Jennifer E. Parrott

303 Peachtree Street NE
Suite 3500
Atlanta, GA  30309
P: 404-885-1400
jparrott@deflaw.com
mcgintyg@deflaw.com

Jennifer E. Parrott
Georgia Bar No. 080180
Gary J. McGinty
Georgia Bar No. 602353
Attorneys for Defendants

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

JACOB DORVIL and FABIOLA )
DORVIL, husband and wife, )
                                )
             Plaintiffs,         )
                                )
v.                               )          CIVIL ACTION
                                )          FILE NO.  20EV002027
CENTRAL TRANSPORT, LLC.,         )
PATRICK O. HENDERSON and         )
CHEROKEE INSURANCE COMPANY,      )
                                )
             Defendants.         )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed and served with the Clerk of Court ***Defendants Central Transport LLC, Cherokee Insurance Company, and Patrick O. Henderson's Answer and Affirmative Defenses to Plaintiffs' Complaint for Damages***, upon all counsel using the Court's e-filing system which will send automatic notification to all counsel of record as follows:

James O. Greason, Esq.
Greason & Associates, PC
5300 Memorial Drive, Suite 140
Stone Mountain, Georgia 30083
Jamesgreasonlaw@att.net

Respectfully submitted, this 16th day of June, 2020.

**DREW ECKL FARNHAM, LLP**

*/s/ Jennifer E. Parrott*

303 Peachtree Street NE          Jennifer E. Parrott
Suite 3500                       Georgia Bar No. 080180
Atlanta, GA  30309               Gary J. McGinty
P: 404-885-1400                  Georgia Bar. No. 602353
jparrott@deflaw.com
mcgintyg@deflaw.com              *Attorneys for Defendants*
9756053/1
05595-167465